**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jose A. Gatica, Jr., ) No. CV 05-3928-PHX-JAT (LOA)
)
Plaintiff, ) **ORDER**
)
vs. )
)
Joseph Arpaio, )
)
Defendant. )
_____)

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #12). Plaintiff responded and Defendant replied (Doc. ##17, 18). The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by unsanitary and overcrowded conditions, inadequate outdoor recreation, and insufficient food at the jail (Doc. #1). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##10, 12).

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #12). In support, Defendant submitted the affidavit of Zelean Tademy, a Sergeant assigned to the Inmate Hearing Unit (Id., Ex. 1). Tademy attested that inmates are provided a copy of the Rules and Regulations for Inmates, which describes the jail's grievance procedure (Tademy Aff. ¶ 7). Tademy further attested that the grievance policy does not limit the type of grievances inmates may submit, and that officers pass out grievance forms

as part of their daily duties (Id. ¶¶ 9, 10). According to the sheriff's office records, Plaintiff did not file any grievances during his confinement at the jail (Id. ¶¶ 15-16). Tademy avowed that during Plaintiff's confinement, from approximately April 1, 2005, to December 31, 2005, other inmates at the Durango Jail filed 250 grievances concerning unsanitary living conditions, 97 grievances concerning inadequate recreation, and 209 grievances alleging inadequate food (Id. ¶ 17). Also attached to the motion was a copy of the jail's Inmate Grievance Procedure, Policy DJ-3, and two pages from the Rules and Regulations for Inmates (Exs. 1A, 1C, Doc. #12).

The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #16). Plaintiff filed a response and disputed Defendant's claims that the grievance policy does not limit what issues may be grieved and that officers regularly pass out grievance forms (Doc. #17). Plaintiff asserted that officers repeatedly told him that his complaints were not grievable and that they threatened to restrict privileges for the entire pod if Plaintiff continued to seek grievance forms (Id. at 2). Plaintiff argued that Defendant's contention regarding the extraordinary number of grievances filed about the jail conditions support Plaintiff's claims that his constitutional rights were violated. With his response, Plaintiff submitted the unsworn statements of two inmates who were housed at the jail during 2005 (Attachs., Doc. #17). Both men stated that officers often told inmates that their claims were not grievable and tore up grievances that inmates tried to submit (Id.).

In his reply, Defendant argued that Plaintiff failed to proffer sufficient evidence to demonstrate exhaustion of administrative remedies (Doc. #18). Defendant further argued that Plaintiff did not identify those officers that allegedly refused grievances. Plaintiff then submitted the affidavits of two more former jail inmates who attested that officers told inmates issues could not be grieved, tore up grievances, and threatened to lock down the whole pod if inmates complained about the denial of grievance forms (Doc. #20).

**II. Legal Standard**

A prisoner must first exhaust "available" administrative remedies before bringing an

1 action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.
2 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the
3 administrative review process in accordance with the applicable rules.  See Woodford v.
4 Ngo, 126 S. Ct. 2378, 2384 (2006).  Exhaustion is required for all suits about prison life,
5 Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through
6 the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

7       Exhaustion is an affirmative defense.  Jones v. Bock, ___ U.S. ___, 2007 WL 135890,
8 at *8-*11 (Jan. 22, 2007).  Defendant bears the burden of raising and proving the absence of
9 exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Because exhaustion is
10 a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the
11 pleadings to decide disputed issues of fact.  Id. at 1119-20.  Further, a court has broad
12 discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l
13 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation
14 omitted).

15 **III.  Analysis**

16 As stated, Defendant bears the burden of proving lack of exhaustion, and therefore
17 must demonstrate that there were remedies available to Plaintiff.  See Wyatt, 315 F.3d at
18 1119; Brown, 422 F.3d at 936-37.  The parties dispute whether Plaintiff was prevented from
19 using the jail's grievance system because he was denied forms.  See Dale v. Lappin, 376 F.3d
20 652, 656 (7th Cir. 2004) (per curiam) ("If prison employees refuse to provide inmates with
21 those forms when requested, it is difficult to understand how the inmate has any available
22 remedies"); accord Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Miller v. Norris, 247
23 F.3d 736, 740 (8th Cir. 2001).

24 Defendant submitted evidence that detention officers are required to provide forms
25 upon request, and that during a period overlapping with Plaintiff's confinement, inmates at
26 the jail submitted hundreds of grievances similar to Plaintiff's claims.  Plaintiff's evidence
27 has not successfully rebutted this showing that a grievance process was available.  Plaintiff
28 failed to allege exactly what transpired when he attempted to grieve each of his claims.  His

1 allegations, and the affidavit testimony of other former jail inmates, do not name the officers
2 who allegedly refused grievances nor do they provide specific dates of these instances.
3 Without more specific allegations, Plaintiff cannot overcome Defendant's evidence showing
4 that a grievance system was available at the jail for Plaintiff's claims.

5      In sum, Plaintiff's allegations regarding the inability to grieve his claims are
6 generalized and vague. The Court is persuaded by Defendant's evidence that the grievance
7 process was available to Plaintiff and he failed to avail himself of that process. Accordingly,
8 Defendant's motion will be granted and Plaintiff's action will be dismissed without
9 prejudice.

10      **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #12) is **granted**.
11 Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court
12 shall enter a judgment of dismissal accordingly.

13      DATED this 12th day of February, 2007.

James A. Teilborg
United States District Judge